Grant THORN, Genevieve U. Thorn; Grant Thorn, Genevieve U. Thorn and Samuel Uhlfelder, Directors in Trust for Stockholders, Members and Creditors of Eastern Tar Products Corporation; Grant Thorn, Genevieve U. Thorn and Samuel Uhlfelder, Directors in Trust for Stockholders, Members and Creditors of Eastern Road Materials Corporation, Appellants,

v.

HARRISBURG TRUST COMPANY.

No. 14563.

United States Court of Appeals
Third Circuit.

Argued March 16, 1964.

Decided April 8, 1964.

Harry S. Shapiro, Baltimore, Md., for appellants.

Francis B. Haas, Jr., Harrisburg, Pa., for appellee.

Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.

PER CURIAM.

The first suit in this matter was filed September 20, 1955. Plaintiffs took no further steps concerning it for nearly four years and on June 17, 1959 it was dismissed for lack of prosecution. On September 30, 1958, just prior to the expiration of the applicable statute of limitations, the present action was filed. This sets out substantially the same cause as did the original complaint. After answer, plaintiffs made no move until May 17, 1960, when they had the case put on the trial list. On October 10, 1961, defendant noticed plaintiff Grant Thorn for a deposition, to be taken November 1, 1961. At the call of the trial list, an attorney said he had been informed Mr. Thorn was ill and would be unable to appear for the taking of his deposition on November 1, 1961. There was nothing filed in justification of this. Later Mr. Thorn was served with notice for the taking of his deposition on February 14, 1962. Thorn thereafter telegraphed that the deposition should be cancelled as he was ill and would not be present. Again, nothing was filed in support of such action. On March 2, 1962, defendant filed a motion to dismiss the complaint as to plaintiff Grant Thorn and a motion to dismiss the complaint for failure to prosecute. The motions were heard on April 6, 1962. All plaintiffs were in court with counsel. No counter affidavits or oral evidence was offered on behalf of the plaintiffs. On April 26, 1962, a Memorandum of Decision and Order was filed by the court, dismissing the complaint as to Grant Thorn for wilful failure to appear for deposition after proper notice and as to all the plaintiffs for failure to prosecute. This was appealed. On February 28, 1963, this court affirmed. On April 24, 1963, plaintiffs filed a motion under F.R.Civ.P. 60(b) to set aside the district court order. That was heard and on June 26, 1963 the court entered a Memorandum of Decision denying the motion. It is from the latter that this appeal was taken.

Judge Follmer, in the district court, dismissed this motion for three reasons: plaintiffs' failure to set forth good ground to vacate or set aside the court's order for either inadvertence and/or excusable neglect; because the motion was not timely filed; because there was no leave of this court sought or granted to proceed in the district court on this motion which concerns the district court order of April 26, 1962, heretofore affirmed by this court. From our own study of this long drawn out litigation there is warrant in the record for the district court decision on all three of its stated grounds and the court was well within its discretion in so deciding.

The order of the district court will be affirmed.